IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MADISYN S. MILLER, *a minor, by and through her parents and natural guardians, ANGELA L. MILLER and DAVID MILLER,* and ANGELA L. MILLER *and* DAVID MILLER, *in their own right,*

        Plaintiffs,

v.

EVENFLO COMPANY, INC.,

        Defendant.

CIVIL ACTION NO. 3:09-108
JUDGE KIM R. GIBSON

## MEMORANDUM AND ORDER OF COURT

### I. SYNOPSIS

This matter comes before the Court on the Motion for Summary Judgment (Doc. No. 55) filed by Defendant Evenflo Company, Inc. ("Evenflo") and the Motion for Partial Summary Judgment (Doc. No. 59) filed by Plaintiffs David, Angela, and Madisyn Miller (collectively, "Plaintiffs"). For the reasons that follow, the Court will **DENY** the cross-motions for summary judgment.

### II. JURISDICTION AND VENUE

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a). Venue is proper under 28 U.S.C. § 1391(a).

### III. BACKGROUND

This case stems from a complaint Plaintiffs filed in the Court of Common Pleas of Allegheny County, Pennsylvania against Evenflo seeking damages for injuries allegedly suffered by Madiysn after using an Evenflo Big Kid Booster Car Seat (the "Car Seat"). Evenflo removed the case to this Court on April 20, 2009, (see Doc. No. 1), and moved to dismiss certain claims

1

on May 27, 2009, (see Doc. No. 9). Plaintiffs amended their complaint on June 30, 2009, (see Doc. No. 14), and Evenflo again moved to dismiss certain claims, (see Doc. No. 15). By Memorandum Order dated December 21, 2009 (Doc. No 36), the Court granted Evenflo's motion to dismiss, thereby limiting this action to Madisyn's strict liability and negligence claims, and Plaintiffs' breach of warranty claim. Discovery was conducted, and the parties filed cross-motions for summary judgment (Doc. Nos. 55 and 59), concise statements of material fact in support of their motions (Doc. Nos. 57 and 61), and responses to the concise statements of material fact (Doc. Nos. 63 and 65).

From their filings, it is evident that the parties dispute facts critical to the resolution of this matter. The parties agree that: (1) Plaintiffs purchased and used the Car Seat designed, manufactured, and sold by Evenflo (Doc. 61 at ¶¶ 1-2; Doc. No. 65 at ¶¶ 1-2); and (2) Madisyn developed a rash after using the Car Seat (Doc. 61 at ¶ 12; Doc. No. 65 at ¶ 12). The parties dispute, however, whether: (1) the Car Seat caused the rash (Doc. 61 at ¶ 1; Doc. No. 65 at ¶ 1); and (2) Madisyn's rash was an idiosyncratic—*i.e.* rare or unusual—reaction (Doc. No. 57 at ¶¶ 28-29; Doc. No. 63 at ¶¶ 28-29).

## IV. STANDARD OF REVIEW

"Summary judgment is appropriate only where, drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue as to any material fact . . . and the moving party is entitled to judgment as a matter of law." *Melrose, Inc. v. Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010) (quoting *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 380 n.6 (3d Cir. 2007)); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56 (a).[1] Issues of fact are genuine "if the evidence is such that a reasonable jury could return a verdict for the non-

---

[1] Rule 56 was revised in 2010. The standard previously set forth in subsection (c) is now codified as subsection (a). The language of this subsection is unchanged, except for "one word—genuine 'issue' bec[ame] genuine 'dispute.'" Fed. R. Civ. P. 56 advisory committee's note, 2010 amend.

2

moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); see also *McGreevy v. Stroup*, 413 F.3d 359, 363 (3d Cir. 2005). Material facts are those which will affect the outcome of the trial under governing law. *Anderson*, 477 U.S. at 248.

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets this burden, the party opposing summary judgment "may not rest upon the mere allegations or denials of the . . . pleading," but "must set forth specific facts showing that there is a genuine issue for trial." *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001) (internal citations omitted); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); see also *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (noting that a party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks omitted).

Instantly, the parties have filed cross-motions for summary judgment. As the United States Court of Appeals for the Third Circuit has explained, "[c]ross-motions are no more than a claim by each side that it alone is entitled to summary judgment, and the making of such inherently contradictory claims does not constitute an agreement that if one is rejected the other is necessarily justified or that the losing party waives judicial consideration and determination whether genuine issues of material fact exist." *Lawrence v. City of Philadelphia*, 527 F.3d 299, 310 (3d Cir. 2008) (quoting *Rains v. Cascade Indus., Inc.*, 402 F.2d 241, 245 (3d Cir. 1968)). Instead, "[e]ach movant must show that no genuine issue of material fact exists; if both parties fail to carry their respective burdens, the court must deny the motions." *Piazza v. CT Corp*, No.

3

3:09-cv-1087, 2011 U.S. Dist. LEXIS 109528, *11 (M.D. Pa. Sept. 26, 2011) (citing *Facenda v. N.F.L. Films, Inc.*, 542 F.3d 1007, 1023 (3d Cir. 2008)).

## V. DISCUSSION

The parties have filed cross-motions for summary judgment, which the Court will address in turn.

### A. Evenflo's motion

In its motion, Evenflo asserts that *even if* the Car Seat caused Madisyn's injuries, Evenflo is entitled to summary judgment on all claims because Madisyn's reaction was an idiosyncratic allergic reaction for which Evenflo cannot be liable under Pennsylvania law. (See Doc. No. 55 at ¶ 1; Doc. No. 56 at 9-18). Plaintiffs, however, have presented competent evidence to dispute the fact most critical to this argument: whether Madisyn's reaction was actually idiosyncratic. Specifically, Plaintiffs' medical expert opined that Madisyn's reaction to the Car Seat "*is not* an idiosyncratic reaction[.]" (Doc. No. 57 at ¶¶ 28-29; Doc. No. 63 at ¶¶ 28-29) (emphasis added). A reasonable jury could credit this doctor's opinion and return a verdict in Plaintiffs' favor; therefore, a genuine dispute exists regarding this material fact. See *Anderson*, 477 U.S. 248; see also *Richter v. Jaco Inc.*, 50 Pa. D. & C.4th 372, 380 (Pa. C.P. 2000) (concluding that whether "plaintiff's reaction to the perm solution was an idiosyncratic allergic reaction and not a chemical burn" was an issue of material fact, which "prevent[ed] the granting of summary judgment"). Accordingly, the Court will **DENY** Evenflo's motion for summary judgment.[2]

---

[2] Evenflo further argues that additional statements made by Plaintiff's expert indicate that the expert understood "'idiosyncratic' [to mean] "unexplainable" as opposed to . . . rare or uncommon," which is the relevant inquiry under Pennsylvania case law. (See Doc. 56 at 18). The Court, however, will not entertain such a challenge to the credibility of the opinion of Plaintiff's expert at the summary judgment stage. See *Lemon v. Somerset Cmty. Hosp., Inc.*, No. 3:08-cv-127, 2011 U.S. Dist. LEXIS 122045, *28 (W.D. Pa. Oct. 21, 2011) (stating that "issues of credibility [are] not amenable to disposition at summary judgment").

4

### B. Plaintiffs' motion

Plaintiffs request that this Court enter partial summary judgment in their favor and against Evenflo "as to the issues of Evenflo's liability to Plaintiffs and the causation of Plaintiff, Madisyn S. Miller's injuries." (Doc. No. 60 at 19). Like Evenflo, however, Plaintiffs are not entitled to summary judgment because they have failed to demonstrate the absence of genuine issues of material fact. To wit, there is a genuine dispute as to the crux of Plaintiffs' entire case: whether the Car Seat actually caused Madisyn's injuries.[3] Therefore, the Court will **DENY** Plaintiffs' motion for summary judgment.

## VI. CONCLUSION

The parties have failed to demonstrate the absence of genuine disputes regarding material facts; thus, summary judgment is inappropriate. Accordingly, the Court will **DENY** the parties' cross-motions. An appropriate order follows.

---

[3] Plaintiffs acknowledge this dispute by noting that Defendant's expert expressly opined that there is "no credible evidence supporting [Plaintiffs'] allegation that the materials of the [Car Seat] are the source of Madisyn Miller's [rash]." (Doc. No. 60 at 8). Plaintiffs proceed to attack this expert's opinion, (see Doc. No. 60 at 8-10), but the Court will not address such challenges for the reasons stated *supra*, note 2. The credibility of the parties' competing experts is an issue for the jury to resolve, not the Court.

5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MADISYN S. MILLER, *a minor, by and through her parents and natural guardians,* ANGELA L. MILLER *and* DAVID MILLER, *and* ANGELA L. MILLER *and* DAVID MILLER, *in their own right,*

Plaintiffs,

v.

EVENFLO COMPANY, INC.,

Defendant.

CIVIL ACTION NO. 3:09-108
JUDGE KIM R. GIBSON

## ORDER

AND NOW, this 15th day of December, 2011, in accordance with the Memorandum,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Doc. No. 55) and Plaintiffs' Motion for Partial Summary Judgment (Doc. No. 59) are **DENIED**.

BY THE COURT:

**KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE**