IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MADISYN S. MILLER, a minor, by and through her parents and natural guardians, ANGELA L. MILLER and DAVID MILLER and ANGELA L. MILLER and DAVID MILLER in their own right, ) ) ) ) ) ) | Case No. 3:09-cv-00108-KRG<br><br>The Honorable Kim R. Gibson<br><br>Electronically Filed |
| Plaintiffs, ) ) | |
| v. ) ) | |
| EVENFLO COMPANY, INC., ) ) | |
| Defendant. ) | |

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFFS'
MOTION *IN LIMINE* TO EXCLUDE CORRESPONDENCE
BETWEEN PLAINTIFFS' COUNSEL AND PLAINTIFFS' EXPERTS**

Defendant Evenflo Company, Inc. ("Evenflo") hereby submits this Brief in Opposition to Plaintiffs' Motion *in Limine* to Exclude Correspondence Between Plaintiffs' Counsel and Plaintiffs' Experts (the "Motion").

## I.   PRELIMINARY STATEMENT

On August 30, 2010 and September 3, 2010, Plaintiffs voluntarily produced to Evenflo's counsel the communications between Plaintiffs' counsel and Plaintiffs' experts that Plaintiffs now seek to exclude. *See* August 30, 2010 Letter from George R. Farneth, II to Jared S. Hawk, a true and correct copy of which is attached hereto as Exhibit A; September 3, 2010 Letter from George R. Farneth, II to Jared S. Hawk, a true and correct copy of which is attached hereto as Exhibit B. The communications at issue include: (i) a July 6, 2007 letter from Plaintiffs' counsel to Plaintiffs' medical expert, Douglas Kress, M.D. (Dkt. # 78-1), regarding the items that Dr. Kress was going to include in his expert report; and (ii) correspondence between Plaintiffs' counsel and Plaintiffs' liability experts, Tim A. Osswald, Ph.D. and Melissa Kurtz.

Notably, nowhere in the cover letters accompanying the communications did Plaintiffs make any assertions that the communications (or any of the other documents produced) were protected by the attorney work-product privilege, or any privilege, for that matter. Additionally, although Plaintiffs did include a general privilege objection to Evenflo's discovery request seeking documents that were sent to Plaintiffs' experts, such a general objection is not sufficient, especially in light of the subsequent correspondence from Plaintiffs that did not assert such a privilege. *Vargas v. Palm Mgmt. Corp.*, 2004 U.S. Dist. LEXIS 5256, at *5-6 (E.D. Pa. Mar. 26, 2004) ("A general, unspecified objection to discovery requests on the ground of work-product is insufficient and improper"). In fact, immediately prior to producing the documents at issue, Plaintiffs' counsel noted that he was producing them based upon Evenflo's position that such documents ***were not*** privileged. *See* September 3, 2010 e-mail chain between George R. Farneth, II and Jared S. Hawk, a true and correct copy of which is attached hereto as Exhibit C.

Despite the fact that they voluntarily produced the communications and did not assert any privilege when doing so, Plaintiffs now seek to preclude Evenflo from introducing and/or referencing the communications at trial or in support of Evenflo's Motion for Reconsideration of December 15, 2011 Order Denying Evenflo Company, Inc.'s Motion for Summary Judgment ("Motion for Reconsideration") (Dkt. # 77) on the grounds that such communications are now "protected by the attorney work product privilege." Motion, Dkt. # 114, at ¶ 4.

As discussed below, the Motion should be denied because (i) the amendments to Federal Rule of Civil Procedure 26 that provide limited protection to communications between counsel and experts were not in effect when the communications were produced and are not retroactive, (ii) even if the amendments to Rule 26 are retroactive, the communications would still not be

protected, (iii) Plaintiffs waived any claim of privilege by producing the communications to Evenflo, and (iv) the communications are relevant and admissible.

## II. ARGUMENT

**A. The communications at issue were not protected under Federal Rule of Civil Procedure 26 as it existed in August and September 2010 when Plaintiffs produced the communications to Evenflo.**

Plaintiffs contend that although communications between counsel and an expert witness were discoverable "[a]t the time of this law suit [sic]," they are now "protected by the attorney work product privilege." Motion, Dkt. # 114, at ¶¶ 2, 4. Plaintiffs' contention should be rejected for several reasons. First, because the December 1, 2010 amendments to Rule 26 are not retroactive, they do not apply to Plaintiffs' production of the communications at issue in August and September 2010. *See, e.g., Lattuga v. U.S. Postal Serv.,* No. 1:09-cv-416, 2010 U.S. Dist. LEXIS 130785, at *6 (S.D. Ohio. Nov. 29, 2010) ("Because the amendment was not in place at the time expert disclosure was required here, it does not dispose of the instant Motion."). As a result, the Motion should be denied for this reason alone.

Second, even if the amendments to Rule 26 applied retroactively, the communications at issue still would not be protected. Plaintiffs do not, and cannot, contend that Federal Rule of Civil Procedure 26, as amended on December 1, 2010, applies to the communications at issue.[1]

---

[1] Plaintiffs' focus on the discoverability of the communications under the Pennsylvania Rules of Civil Procedure is incorrect because this case is governed by the Federal Rules of Civil Procedure. Thus, Plaintiffs' reliance on *Barrick v. Holy Spirit Hosp. of the Sisters of Christian Charity,* No. 1856 MDA 2009, 2011 Pa. Super. LEXIS 3756 (Pa. Super. Nov. 23, 2011), a case governed by and interpreting the Pennsylvania Rules of Civil Procedure, is wholly misplaced. *Id.* at 16 (explaining that "the lone issue presented" is "whether the Pennsylvania Rules of Civil Procedure allow discovery of the written correspondence between counsel and an expert witness retained by counsel"). Additionally, *Pritchard v. Dow Agro Sciences,* 263 F.R.D. 277 (W.D. Pa. 2009), another case cited by Plaintiffs, similarly does not support Plaintiffs' argument. Although the issue in *Pritchard* was the discoverability of communications between counsel and his expert witness (*id.* at 290-91), the issue here is the admissibility of the subject communications because

- 3 -

*See* Fed. R. Civ. P. 26(b)(4)(C) (providing that "Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications: (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed."). Therefore, the communications at issue would still not be protected by Rule 26 because they identify facts or data that Plaintiffs' counsel provided and Plaintiffs' experts considered in forming their opinions. As a result, the Motion should be denied for this reason as well.

**B.    Plaintiffs cannot establish that the communications at issue are protected by the attorney work-product doctrine and, in any event, Plaintiffs waived whatever privilege they are now attempting to assert regarding the communications by disclosing them to Evenflo and failing to object to their use by Evenflo in this case.**

Regardless of whether the protections of the amendments to Rule 26 can be applied retroactively, Plaintiffs simply have not shown that the communications at issue are protected by the work-product doctrine. *Conoco, Inc. v. U.S. Dep't of Justice*, 687 F.2d 724, 730 (3d Cir. 1982) ("The burden of demonstrating that a document is protected as work-product rests with the party asserting the doctrine."). Notably, Plaintiffs never asserted the work-product doctrine, or any other privilege, when they produced the communications to Evenflo. *See* Exs. A, B, C. In any event, Plaintiffs waived whatever privilege they are now trying to retroactively assert with respect to the communications by producing them to Evenflo and failing to object to Evenflo's use of the communications during the depositions of Plaintiffs' expert witnesses. *Coregis Ins.*

---

they have already been produced and utilized during depositions and in motions before this Court. Accordingly, the cases cited by Plaintiffs in support of the Motion are inapplicable.

- 4 -

*Co. v. Baratta & Fenerty, Ltd.*, 187 F.R.D. 528, 530 (E.D. Pa. 1999) (noting that "an objection that information sought is privileged is waived if not timely stated"). Indeed, Plaintiffs have done nothing to maintain the alleged privilege and cannot now belatedly assert that the communications are protected. As a result, the Motion should be denied.

**C.     The communications are relevant and, therefore, admissible.**

Finally, the Motion should be denied because the communications are relevant to the facts at issue in this case. With respect to the expert report of Dr. Kress, for example, the communications establish that Dr. Kress stated that Madisyn's reaction to the Car Seat "is not an idiosyncratic reaction" after Plaintiffs' counsel sent him a letter containing such language. *See* Dkt. # 78-1. At his deposition, however, Dr. Kress explained what he meant by "idiosyncratic," stating that "***an idiosyncratic reaction means it's a reaction we can't explain…. So an idiosyncratic reaction again is some sort of reaction on the skin that you can't find the cause.***" October 7, 2010 Deposition of Douglas Kress, M.D., Dkt. # 57-4, at 138:6-25 (emphasis added). Therefore, the communications are clearly relevant to the credibility of Plaintiffs' experts.[2] Evenflo is entitled to examine Dr. Kress regarding why he described Madisyn's reaction as "not an idiosyncratic reaction" and the letter from Plaintiffs' counsel to Dr. Kress is undeniably relevant to that issue. As a result, the Motion should be denied and Evenflo should be permitted to offer evidence regarding communications between Plaintiffs' counsel and Plaintiffs' experts at trial and in connection with the Motion for Reconsideration.

---

[2] Although Plaintiffs recently filed a new declaration from Dr. Kress that attempts to reconcile his deposition testimony with the language used in his expert report, the jury is still entitled to see Plaintiffs' counsel's letter to Dr. Kress because it directly impacts his credibility. Further, the jury is free to reject Dr. Kress' testimony entirely. *See, e.g., Pollard v. Metropolitan Life Ins. Co.*, 598 F.2d 1284, 1288 (3d Cir. 1979), *cert. denied*, 444 U.S. 917 (holding that instruction that jury should "consider each expert opinion received in evidence… and give it such weight as [the jury] think[s] it deserves" and may "accept the [expert's] opinion or reject it entirely" was correct).

## III.   CONCLUSION

For the reasons set forth above, Evenflo respectfully requests the Court to deny Plaintiffs' Motion *in Limine* to Exclude Correspondence Between Plaintiffs' Counsel and Plaintiffs' Experts.


Dated:  January 3, 2012

/s/ Jared S. Hawk
Mark D. Feczko (PA 73827)
mark.feczko@klgates.com
Jared S. Hawk (PA 92959)
jared.hawk@klgates.com
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Telephone: (412) 355-6500
Facsimile: (412) 355-6501

Counsel for defendant Evenflo Company, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document, filed through the Court's CM/ECF system, will be served upon the registered participants identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this 3rd day of January, 2012.

/s/ Jared S. Hawk
Jared S. Hawk