IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MADISYN S. MILLER, *a minor, by and through her parents and natural guardians, ANGELA L. MILLER and DAVID MILLER, and* ANGELA L. MILLER *and* DAVID MILLER, *in their own right*,

Plaintiffs,

v.

EVENFLO COMPANY, INC.,

Defendant.

CIVIL ACTION NO. 3:09-108
JUDGE KIM R. GIBSON

## **MEMORANDUM AND ORDER OF COURT**

### I. SYNOPSIS

This matter comes before the Court on the Motion for Reconsideration (Doc. No. 77) filed by Defendant Evenflo Company, Inc. ("Evenflo"), which Plaintiffs David, Angela, and Madisyn Miller (collectively, "Plaintiffs") oppose. For the reasons that follow, the Court will **DENY** Evenflo's motion.

### II. JURISDICTION AND VENUE

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a). Venue is proper under 28 U.S.C. § 1391(a).

### III. BACKGROUND[1]

This case arises from a skin reaction (contact dermatitis) Madisyn Miller allegedly suffered as a result of using an Evenflo Big Kid Booster Car Seat (the "Car Seat"). The parties filed cross-motions for summary judgment (Doc. Nos. 55 and 59), which the Court denied by

---

[1] The Court detailed the factual and procedural background of this case in its Memorandum and Order dated December 15, 2011 (Doc. No. 73). Because familiarity with that Memorandum and Order is presumed, this section is limited to the facts relevant to the disposition of the instant motion.

1

Memorandum and Order (Doc. No. 73) after concluding that each party failed to demonstrate the absence of genuine disputes of material fact. Evenflo filed the instant motion for reconsideration contending that the Court committed clear error and once again requesting that summary judgment be entered in its favor. The motion has been fully briefed, (see Doc. Nos. 78 and 120), and is now ripe for disposition.

### IV. STANDARD OF REVIEW

Evenflo filed the motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). "The purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1998)). As the Third Circuit has explained, a judgment may be altered or amended if the party seeking reconsideration demonstrates at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. *Lazaridis*, 591 F.3d at 669 (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)); *Quinteros*, 176 F.3d at 677. Furthermore, "[m]ere 'dissatisfaction with [a court's] ruling is not a proper basis for reconsideration." *Holbrook v. Woodham*, Civ. A. No. 3:05-304, 2007 U.S. Dist. LEXIS 50966, *4 (W.D. Pa. 2007) (quoting *Velazquez v. UPMC Bedford Mem'l Hosp.*, 338 F. Supp. 2d 609, 611 (W.D. Pa. 2004)); see also *Lazaridis*, 591 F.3d at 669 (upholding a district court's denial of a motion for reconsideration because advancing "the same arguments that were in [the movant's] complaint and motions" was "not a proper basis for reconsideration").

### V. DISCUSSION

Evenflo contends that the Court committed clear error by: (1) relying on inadmissible

2

hearsay evidence as the sole basis for concluding that a factual dispute exists; and (2) concluding that a factual dispute exists regarding whether Madisyn Miller suffered an idiosyncratic reaction. The Court will address each of these arguments in turn.

### A. Inadmissible Evidence

Evenflo argues that the Court impermissibly relied on hearsay evidence to conclude that a genuine dispute of material fact exists regarding whether Madisyn Miller's reaction was idiosyncratic. Specifically, Evenflo contends that the "sole basis" for the Court's decision was inadmissible hearsay—the unsworn report of Plaintiffs' medical expert, in which he opined that Madisyn Miller's reaction was not idiosyncratic. (See Doc. No. 78 at 4). Despite Evenflo's contention, the Court did not rely on statements contained in the unsworn report; rather, the Court relied on the portions of the expert's deposition transcript which the parties cited in their Concise Statements of Material Fact (Doc. Nos. 57 and 63).[2] In determining whether a factual dispute exists, district courts may properly rely on deposition testimony contained in the record. See FED. R. CIV. P. 56 (c)(1)(A); Aaron v. Wyeth, Civ. A. No. 2:07cv927, 2010 U.S. Dist. LEXIS 14581, *25 (W.D. Pa. Feb. 19, 2010). Therefore, Evenflo's first argument in support of its motion for reconsideration fails.

### B. Idiosyncratic Reaction

In its motion, Evenflo also rehashes an argument that it raised in its motion for summary judgment: that no genuine dispute of material fact exists as to whether Madisyn Miller's reaction was idiosyncratic because Plaintiffs' expert misunderstood the term idiosyncratic. (See Doc. No. 78 at 5). The Court previously denied this argument, (see Doc. No. 73 at 4, n. 2), and reminded

---

[2] In its previous Memorandum and Order, the Court noted that Plaintiffs' medical expert opined that Madisyn Miller's reaction was not idiosyncratic. The Court cited to the parties' Concise Statements of Material Fact to support this conclusion, which in turn cited to portions of the expert's deposition transcript that clearly demonstrate the expert's opinion. (See Doc. No. 73 at 4).

3

Evenflo's counsel at the pretrial conference held on December 16, 2011 that a motion for reconsideration was not a proper vehicle through which to reiterate summary judgment arguments, (see Doc. No. 74). But the Court's directive was not heeded.

Advancing the same argument a second time is not a proper basis for reconsideration. See *Lazaridis*, 591 F.3d at 669. Thus, Evenflo's second argument in support of its motion for reconsideration fails as well.

## VI. CONCLUSION

For the above reasons, the Court concludes that its previous decision (Doc. No. 73) was not based on a clear error of law or fact. Accordingly, the Court will **DENY** Evenflo's Motion for Reconsideration (Doc. No. 77). An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MADISYN S. MILLER, *a minor, by and through her parents and natural guardians,* *ANGELA L. MILLER and DAVID MILLER,* *and* ANGELA L. MILLER *and* DAVID MILLER, *in their own right*, <br><br> Plaintiffs, <br><br> v. <br><br> EVENFLO COMPANY, INC., <br><br> Defendant. | CIVIL ACTION NO. 3:09-108 <br> JUDGE KIM R. GIBSON |

## ORDER

**AND NOW**, this 5th day of January 2012, in accordance with the Memorandum, **IT IS HEREBY ORDERED** that Defendant Evenflo Company, Inc.'s Motion for Reconsideration (Doc. No. 77) is **DENIED**.

BY THE COURT:

KIM R. GIBSON,
**UNITED STATES DISTRICT JUDGE**

5