IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MADISYN S. MILLER, *a minor, by and* )
*through her parents and natural guardians,* )
*ANGELA L. MILLER and DAVID MILLER,* )
*and* ANGELA L. MILLER *and* DAVID )
MILLER, *in their own right,* )
)
                Plaintiffs, )
)  CIVIL ACTION NO. 3:09-108
    v. )  JUDGE KIM R. GIBSON
)
EVENFLO COMPANY, INC., )
)
                Defendant. )

## MEMORANDUM AND ORDER OF COURT

### I.   SYNOPSIS

This matter comes before the Court on the Motions to Exclude Expert Testimony (Doc. Nos. 81 and 116) filed by Defendant Evenflo Company, Inc. ("Evenflo") and David, Angela, and Madisyn Miller (collectively, "Plaintiffs"). For the reasons that follow, the Court will **DENY** Plaintiff's motion and **GRANT in part** and **DENY in part** Evenflo's motion.

### II.   JURISDICTION AND VENUE

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a). Venue is proper under 28 U.S.C. § 1391(a).

### III.   BACKGROUND[1]

This case arises from a skin reaction (contact dermatitis) Madisyn Miller allegedly suffered as a result of using an Evenflo Big Kid Booster Car Seat (the "Car Seat"). Evenflo previously filed a motion to exclude expert testimony (Doc. No. 67) challenging the

---

[1] The Court detailed the factual and procedural background of this case in its Memorandum and Order dated December 15, 2011 (Doc. No. 73). Because familiarity with that Memorandum and Order is presumed, this section is limited to the facts relevant to the disposition of the instant motions.

1

qualifications, opinions, and the reliability of the methods employed by Plaintiffs' purported expert on polymers. On December 29, 2011, the Court granted in part and denied in part Evenflo's motion. (See Doc. No. 118).

Evenflo filed the instant motion (Doc. No. 81) challenging the opinions of Plaintiffs' proposed medical expert, Douglas Kress, M.D. ("Dr. Kress"). Plaintiffs filed their own motion to exclude (Doc. No. 116) challenging the opinions of Evenflo's proposed expert, Maureen Reitman, Sc.D. ("Dr. Reitman"), the principal and center director for Exponent Failure Analysis Associates, Inc. The motions have been fully briefed, (see Doc. Nos. 82, 117, 122, and 132), and are ripe for disposition.

## IV. LEGAL STANDARD

The parties filed motions to exclude expert testimony pursuant to Federal Rule of Evidence 702. Under Rule 702, "[a]n expert witness may be permitted to testify regarding 'scientific, technical, or other specialized knowledge' if it 'will assist the trier of fact to understand the evidence or to determine a fact in issue.'" *United States v. Walker*, 657 F.3d 160, 175 (3d Cir. 2011) (citing *United States v. Mornan*, 413 F.3d 372, 380 (3d Cir. 2005) (quoting Rule 702)).[2] In order for an expert witness to be permitted to offer opinion testimony, these three requirements must also be satisfied: (1) his or her testimony must be "based upon sufficient facts or data"; (2) the testimony must be "the product of reliable principles and methods"; and (3) the

---

[2] Rule 702 provides in its entirety:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702.

2

witness must have "applied the principles and methods reliably to the facts of the case." *Id.* (quoting Rule 702); see also *United States v. Schiff*, 602 F.3d 152, 172 (3d Cir. 2010) ("Rule 702 has three major requirements: (1) the proffered witness must be an expert, *i.e.*, must be qualified; (2) the expert must testify about matters requiring scientific, technical or specialized knowledge [, *i.e.*, reliability]; and (3) the expert's testimony must assist the trier of fact [, *i.e.*, fit].") (quoting *Pineda v. Ford Motor Co.*, 520 F.3d 237, 244 (3d Cir. 2008) (alterations in original)).

The party offering the expert testimony must prove each of these three requirements by a preponderance of the evidence. *CB Aviation, LLC v. Hawker Beechcraft Corp.*, Civ. A. No. 2:10-cv-1411-JD, 2011 U.S. Dist. LEXIS 128918, *4 (E.D. Pa. Nov. 8, 2011) (citing *In re TMI Litig.*, 193 F.3d 613, 663 (3d Cir. 1999)). As the United States Court of Appeals for the Third Circuit has further explained, trial judges serve a gatekeeping function and must determine whether these requirements are satisfied before the proposed expert testimony is presented to the jury. See *Schiff*, 602 F.3d at 172 (citing *Pineda*, 520 F.3d at 243); see also *Houston v. Smith*, No. 3:2009-cv-190, 2010 U.S. Dist. LEXIS 118136, *3 (W.D. Pa. Nov. 5, 2010).

## V. DISCUSSION

Both parties contend that the opposing expert's opinions do not fit the facts of the case. As this Court recently explained:

> Rule 702 requires that the expert testimony must fit the issues in the case. In other words, the expert's testimony must be relevant for the purposes of the case and must assist the trier of fact. . . . The requirement of "fit" depends in part on the proffered connection between the scientific research or test result to be presented and particular disputed factual issues in the case.

*Pritchard v. Dow Agro Sciences*, 705 F. Supp. 2d 471, 492 (W.D. Pa. 2010) (citations and quotation marks omitted); see also *David v. Black & Decker*, 629 F. Supp. 2d 511, 515 (W.D. Pa. 2009) ("Rule 702 require[s] that the expert's testimony fit the facts of the case. Fit requires that

3

the proffered testimony must in fact assist the jury, by providing it with relevant information, necessary to a reasoned decision of the case.") (citations and quotation marks omitted). The Third Circuit further explained this principle by way of example, noting that "animal studies may be methodologically acceptable to show that chemical X increases the risk of cancer in animals, but they may not be methodologically acceptable to show that chemical X increases the risk of cancer in humans." *In re Paoli*, 35 F.3d at 743.

With this understanding, the Court will address each motion in turn.

### A. Evenflo's Motion

In its motion, Evenflo contends that that Dr. Kress's opinion that Madisyn Miller did not suffer an idiosyncratic reaction does not fit the facts of the case. (See Doc. No. 82 at 4-6). To support this contention, Evenflo advances for the third—and hopefully final—time the same argument that the Court denied on two previous occasions: that Dr. Kress misunderstood the term idiosyncratic. The Court previously: (1) denied this same argument in its Memorandum and Order dated December 15, 2011, (see Doc. No. 73 at 4, n. 2); (2) reminded Evenflo's counsel at the pretrial conference held on December 16, 2011 that a motion for reconsideration was not a proper vehicle to reiterate this same argument, (see Doc. No. 74); and (3) denied Evenflo's motion for reconsideration on the grounds that it did in fact advance this same argument a second time, (see Doc. No. 139 at 3-4). The Court will deny this argument now as well, and reminds Evenflo's counsel once again not to continue to raise an argument which has been rejected by the Court on numerous prior occasions.

Evenflo next claims that Dr. Kress's expert testimony "completely ignores" facts of record, namely Evenflo's sales and claim data which shows that: (1) millions of Car Seats have been sold; and (2) Evenflo has received notice of only two other reports of allergic reactions to

4

the Car Seat, neither of which resulted in other lawsuits. (See Doc. No. 82 at 7). But Evenflo's logic is flawed for purposes of Rule 702 analysis. It does not necessarily follow that the Car Seat is free of defects because only a few incidents have been reported to Evenflo; countless Car Seat users could have failed to identify the cause of their injuries, even more could have declined to contact or sue the manufacturer for myriad reasons. Evenflo may present this theory to the jury, but Dr. Kress's failure to address it does not render his opinion inadmissible under Rule 702.

Evenflo also contends that the Court should prohibit Dr. Kress from opining that allergic reactions to car seats are not rare and that he suspects that his colleagues treat "many hundreds of cases in the country each year" because he lacks sufficient factual basis to do so. (See Doc. No. 82 at 7).[3] At his deposition, Dr. Kress testified that he: (1) sees such cases "a couple of times a year"; (2) is one of 166 pediatric dermatologists in the country; and (3) thinks there could be more similar cases, but has no "idea whether it's ten or a hundred. I can't possibly know." (See Doc. No. 132 at 5). The Court will permit Dr. Kress to offer an opinion as to how common allergic reactions to car seats are based on his own observations (the cases he has treated), but will prohibit Dr. Kress from speculating about the total number of cases nationwide because he admittedly "can't possibly know" that figure.

Despite Evenflo's challenges, the Court concludes that Dr. Kress's proposed testimony fits the facts of the case. Additionally, Dr. Kress has sufficient factual support to render an opinion on the rarity of allergic reactions to car seats but not enough support to do anything but speculate about the total number of cases treated each year. Therefore, the Court will **GRANT in part** and **DENY in part** Evenflo's motion.

---

[3] Evenflo specifically objects to the statement the Dr. Kress "suspects his colleagues treat 'many hundreds of [car seat allergy] cases in the county each year.'" (See Doc. No. 82 at 7). This statement is contained in "Plaintiffs' Witness List and Offer of Proof." (See Doc. No. 79 at 5).

5

**B. Plaintiffs' Motion**

In their motion, Plaintiffs argue that Dr. Reitman's testimony should be excluded because it does not fit the facts of the case.[4] In particular, Plaintiffs claim that Dr. Reitman "merely criticizes the methodology employed by Plaintiffs' [polymer] expert[,]" which will "only serve to confuse the jury" and will not assist the fact finder because she declined to render an opinion as to the medical cause of Madisyn Miller's injuries. (See Doc. No. 117 at 3-5).

The Court finds, however, that Dr. Reitman's proposed testimony fits the facts of the case because it is relevant to, and will help the jury decide, a central issue in the case: the chemical composition of the Car Seat.[5] Moreover, her testimony regarding the sufficiency of the methods employed by Plaintiffs' expert is a proper means of rebutting the testimony of Plaintiffs' expert. See *Holbrook v. Lykes Bros. S.S. Co.*, 80 F.3d 777, 786 (3d Cir. 1996) (concluding that the district court did not err by admitting a defense expert's rebuttal testimony because it "could help the jury to evaluate testimony by plaintiff's experts that asbestos exposure caused the cancer"). Thus, the Court will **DENY** Plaintiffs' motion.

## VI. CONCLUSION

Despite the challenges levied by the parties, the Court concludes that the proposed testimony of Dr. Kress and Dr. Reitman fits the facts of the case. Moreover, the Court finds that, by a preponderance of the evidence, the other two Rule 702 requirements (qualification and reliability) are also satisfied, except that Dr. Kress lacks sufficient factual support to render an opinion regarding the total number of patients treated for car seat allergies annually.

---

[4] Plaintiffs also seek to incorporate by reference the arguments contained in a separate motion *in limine* (Doc. No. 102) they filed seeking to prohibit Dr. Reitman from testifying regarding the materials used to manufacture the Car Seat. (See Doc. No. 116 at 6, n.2). The Court will address the issues presented in the motion *in limine* in a subsequent opinion.

[5] Dr. Reitman's proposed testimony is based in part upon the review of documentation regarding the materials employed and the process of manufacturing the Car Seat. (See Doc. No. 122 at 5).

6

Accordingly, the Court will **DENY** Plaintiffs' Motion to Exclude Expert Testimony (Doc. Nos. 116) and **GRANT in part** and **DENY in part** Evenflo's Motion to Exclude Expert Testimony (Doc. Nos. 81). An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MADISYN S. MILLER, *a minor, by and through her parents and natural guardians,* ANGELA L. MILLER *and* DAVID MILLER, *and* ANGELA L. MILLER *and* DAVID MILLER, *in their own right,*<br><br>Plaintiffs,<br><br>v.<br><br>EVENFLO COMPANY, INC.,<br><br>Defendant. | CIVIL ACTION NO. 3:09-108<br>JUDGE KIM R. GIBSON |

## ORDER

**AND NOW**, this 6th day of January 2012, in accordance with the Memorandum, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Exclude Expert Testimony (Doc. Nos. 116) is **DENIED** and Evenflo's Motion to Exclude Expert Testimony (Doc. Nos. 81) is **GRANTED in part** and **DENIED in part**. Specifically, the Court will prohibit Dr. Kress from speculating about the total number of patients treated for car seat allergies annually, but deny Evenflo's motion in all other respects.

BY THE COURT:

_____
**KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE**