**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MADISYN S. MILLER, *a minor, by and through her parents and natural guardians,* ANGELA L. MILLER and DAVID MILLER, *and* ANGELA L. MILLER *and* DAVID MILLER, *in their own right,* <br><br> Plaintiffs, <br><br> v. <br><br> EVENFLO COMPANY, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 3:09-108 <br> ) JUDGE KIM R. GIBSON <br> ) <br> ) <br> ) <br> ) |

## <u>MEMORANDUM AND ORDER OF COURT</u>

### I.    SYNOPSIS

This matter comes before the Court on sixteen Motions *in Limine* (Doc. Nos. 83, 85, 87,

89, 91, 93, 95, 97, 100, 102, 104, 106, 108, 110, 112, 114) filed by Defendant Evenflo Company,

Inc. ("Evenflo") and David, Angela, and Madisyn Miller (collectively, "Plaintiffs"). For the

reasons that follow, the Court will **GRANT** Doc. Nos. 85, 87, and 97, **GRANT in part** and

**DENY in part** Doc. No. 89, and **DENY** Doc. Nos. 83, 91, 93, 95, 100, 102, 104, 106, 108, 110,

112, and 114.

### II.    JURISDICTION AND VENUE

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a). Venue is

proper under 28 U.S.C. § 1391(a).

### III.    BACKGROUND[1]

This case arises from a skin reaction (contact dermatitis) Madisyn Miller allegedly

---

[1] The Court detailed the factual and procedural background of this case in its Memorandum and Order dated December 15, 2011 (Doc. No. 73). Because familiarity with that Memorandum and Order is presumed, this section is limited to the facts relevant to the disposition of the instant motions.

suffered as a result of using an Evenflo Big Kid Booster Car Seat (the "Car Seat"). Trial is scheduled to commence on January 17, 2012, and the parties filed the instant motions *in limine* seeking to exclude various evidence. The motions have been fully briefed and are ripe for disposition.

## IV.    LEGAL STANDARD

As this Court has explained, a motion *in limine* is a pretrial motion which requests that the Court prohibit opposing counsel from referring to or offering evidence on matters prejudicial to the moving party. *Emcore Corp. v. Optium Corp.*, Civ. A. No. 7-326, 2009 U.S. Dist. LEXIS 96305, *2 (W.D. Pa. Oct. 16, 2009) (quoting *Black's Law Dictionary* 1013 (6th ed. 1990)). The purpose of such motion is to avoid injecting into trial matters which are irrelevant, inadmissible, and prejudicial. *Id.* at *2-3. Otherwise stated, motions *in limine* narrow the evidentiary issues for trial and eliminate unnecessary trial interruptions. *Id.* at *3 (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990)).

Many of the instant motions *in limine* seek to exclude evidence on the basis of relevance or prejudice. Rule 402 of the Federal Rules of Evidence provides that "[r]elevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court. Irrelevant evidence is not admissible." FED. R. EVID. 402. Under Rule 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. Pursuant to the balancing test of Rule 403, a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues,

misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."
FED. R. EVID. 403.

## V.    DISCUSSION

The Court will address each of the parties' motions *in limine* in turn.

### A.    Evenflo's Motions

#### 1.    Doc. No. 83

In its motion, Evenflo contends that the Court should prohibit Plaintiffs from presenting evidence or argument at trial relating to China, including but not limited to the Chinese manufacturing of the Car Seat. Specifically, Evenflo argues that: (1) the Car Seat's country of origin is not relevant, and any reference to it should be excluded under Rule 402; and (2) if the information is relevant, it should still be excluded under Rule 403 because its probative value is substantially outweighed by the unfair prejudice of "guilt by association" with other products which have been manufactured in China and recently recalled. (See Doc. No. 83 at 2-4). Plaintiffs argue that: (1) the foreign manufacturing of the Car Seat is relevant because Evenflo does not know the actual chemical composition of the car seat—a fact central to this case— because it was manufactured abroad; (2) by commenting on the sufficiency of the manufacturing processes employed, Evenflo's expert placed the location and circumstances surrounding the manufacture of the Car Seat at issue; and (3) Evenflo has failed to demonstrate unfair prejudice. (See Doc. No. 129 at 2-7).

The Court finds that the Chinese manufacturing of the Car Seat is relevant as it bears on facts of consequence. To wit, the fact that Evenflo did not have direct control over the manufacturing process undermines Evenflo's proposed testimony regarding both the chemical composition of the Car Seat and the manufacturing processes actually employed. Additionally,

3

the Court finds that the probative value of this evidence is not substantially outweighed by Evenflo's vague contention that a xenophobic jury will harbor ill-will against China and any foreign manufactured products. Accordingly, the Court will **DENY** this motion *in limine*. (Doc. No. 83).

### 2.    Doc. No. 85

Evenflo next argues that Plaintiffs should be precluded from presenting evidence or argument regarding the alleged emotional damages suffered by Angela and David Miller ("Parent Plaintiffs"). In particular, Evenflo contends that Parent Plaintiffs cannot satisfy the requirements of Section 353 of the Restatement (Second) of Contracts regarding the recovery of emotional damages for a breach of contract claim under Pennsylvania law. (See Doc. No. 86).[2] Plaintiffs claim that Evenflo's alleged breach does qualify because it is of such a kind that serious emotional disturbance was a particularly likely result. (See Doc. No. 134 at 2-3).

As this Court previously noted, Pennsylvania law generally does not permit recovery for emotional damages for a contract claim; however, § 353 provides two narrow exceptions. (See Doc. No. 36 at 7, n. 3). The first exception is where the breach caused bodily harm, and the second occurs where "the contract or the breach is of such a kind that serious emotional disturbance was a particularly likely result." RESTATEMENT (SECOND) OF CONTRACTS § 353; see also *Price v. Blyth Eastman Paine Webber, Inc.*, 576 F. Supp. 431, 435 (W.D. Pa. 1983); *Brooks v. Hickman*, 570 F. Supp. 619, 620 (W.D. Pa. 1983). According to the Restatement, common examples which satisfy this second exception include "contracts of carriers and innkeepers with passengers and guests, contracts for the carriage and proper disposition of dead bodies, and contracts for the delivery of messages concerning death." *Sims v. Riverside Marina*, Civ. A. No.

---

[2] Evenflo previously raised this argument in its Motion to Strike, Motion to Dismiss, and Motion for a More Definite Statement (Doc. No. 15). At that early stage, the Court declined to make a determination as to whether the requirements of § 353 "have or will be met." (See Doc. No. 36 at 7, n. 3).

89-2390, 1990 U.S. Dist. LEXIS 3615, *4 (E.D. Pa. Mar. 30, 1990) (concluding that a breach which resulted in the destruction of chattel—a "prized" boat—did not qualify).

Instantly, neither party asserts that the first exception to § 353 has been met, and the Court concludes that it has not. The Court also finds that the second exception has not been met. Plaintiffs' breach of warranty claim contends that Evenflo produced a defective Car Seat which caused Parent Plaintiffs' minor child to suffer a temporary skin reaction. The Court concludes that it is not particularly likely that Plaintiff Parents would suffer serious emotional disturbance as a result of a breach that caused such reaction. Accordingly, the Court will **GRANT** the motion *in limine* (Doc. No. 85) which seeks to exclude any reference to the emotional harm Plaintiff Parents suffered.

### 3.    Doc. No. 87

Evenflo also contends that the Court should prohibit Plaintiffs from presenting evidence or argument on punitive damages because: (1) there is "simply no evidence" to support an award of such damages; (2) Madisyn Miller suffered an idiosyncratic reaction, and, therefore, Evenflo cannot be liable as a matter of law; and (3) Plaintiffs cannot establish that the Car Seat was unreasonably dangerous. (See Doc. No. 88 at 2-4). The Court will not consider Evenflo's second and third arguments because they have been advanced by Evenflo and denied by this Court numerous times before.[3] Plaintiffs contend that punitive damages are warranted because Evenflo placed a product that it knew was dangerous to certain children into the market without any sort of warning even though non-dangerous alternatives were available, *i.e.* car seats not treated with

---

[3] Regarding the notion that Madisyn Miller's reaction was idiosyncratic, the Court previously denied the same argument three times and on two separate occasions reminded Evenflo's counsel not to raise it again. (See Doc. No. 140 at 4). Evenflo also argued, to no avail, that Plaintiffs could not establish that the Car Seat was unreasonably dangerous in its summary judgment briefing. (See Doc. No. 64 at 10-13). Once again, the Court will remind Evenflo's counsel "not to continue to raise an argument which has been rejected by the Court on numerous prior occasions." (Doc. No. 140 at 4).

brominated fire retardants. (See Doc. No. 135 at 1).

This Court previously addressed the recovery of punitive damages under Pennsylvania

law in the context of a motion *in limine*. This Court explained:

> The punitive damages standard under Pennsylvania law is well settled. Punitive
> damages may be awarded for conduct that is outrageous, because of the
> defendant's evil motive or his reckless indifference to the rights of others. Due to
> the fact that punitive damages are penal in nature, they are proper only where
> defendant's actions are so outrageous as to demonstrate willful, wanton or
> reckless conduct.
>
> The Pennsylvania Supreme Court has stressed that, when assessing the propriety
> of the imposition of punitive damages, the state of mind of the actor is vital. The
> act, or the failure to act, must be intentional, reckless or malicious. A punitive
> damages claim must be supported by evidence sufficient to establish that: 1) the
> defendant had a subjective appreciation of the risk of harm to which the plaintiff
> was exposed; and 2) the defendant acted, or failed to act, as the case may be, in
> conscious disregard of that risk.

*Simmers v. CSX Transp.*, Civ. A. No. 04-168J, 2006 U.S. Dist. LEXIS 40571, *2-4 (W.D. Pa.

June 19, 2006) (internal citations and quotations omitted).

In the case *sub judice*, the Court finds that Evenflo's alleged misconduct does not satisfy

the high threshold for awarding punitive damages under Pennsylvania law. Evenflo's alleged

misdeeds are simply not so outrageous as to demonstrate willful, wanton, or reckless conduct.

Furthermore, Plaintiffs produced no evidence that demonstrates that Evenflo acted intentionally,

recklessly, or maliciously. Accordingly, the Court will **GRANT** this motion *in limine*. (Doc. No.

87).

### 4. Doc. No. 89

Evenflo next seeks to prevent Plaintiffs from presenting any evidence or argument that

Madisyn Miller: (1) "has suffered and will continue to suffer with . . . nightmares [relating to her

injuries from the Car Seat]"; (2) "lives in constant fear of recurrence"; and (3) "has been

permanently scarred or disfigured." (Doc. No. 89-1). Evenflo argues that there is no factual basis

6

for these statements because Madisyn Miller responded negatively to questions regarding nightmares and fear of recurrence, [4] and Plaintiffs' medical expert, Dr. Kress, was "not comfortable [using] the word permanently" when discussing Madisyn Miller's inflammatory hyperpigmentation. (See Doc. No. 90 at 2-3). Plaintiffs claim that competent evidence supports the challenged statements because Parent Plaintiffs' depositions support the first two statements, and the third statement is supported by Madisyn Miller's biopsy scar and the "potentially permanent" injuries described by Dr. Kress.

Here, the Court will prohibit Plaintiffs from presenting evidence or argument that Madisyn Miller "has been permanently scarred or disfigured" because they lack competent evidence to support that position. When questioned about how long Madisyn Miller's intermittent skin discoloration would last, Plaintiffs' own medical expert stated "I do not think there's any way to know." (See Doc. No. 131 at 5). Similarly, Plaintiffs have failed to present any evidence whatsoever to indicate that Madisyn Miller's biopsy scar is permanent.

On the other hand, Plaintiffs have presented evidence to support the statements that Madisyn Miller has suffered nightmares and continues to live in fear of recurring injuries, namely behavior and conduct of Madisyn Miller—observed by Plaintiff Parents—which contradict Madisyn Miller's deposition testimony. Accordingly, the Court will **GRANT in part** and **DENY in part** the motion *in limine* (Doc. No. 89) as described above.

### 5. Doc. No. 91

In this motion, Evenflo attempts to shoehorn into a motion *in limine* the same argument it previously raised in a motion to exclude expert testimony: that Plaintiffs' expert on polymers (Dr. Osswald) lacked sufficient factual support to opine that the Car Seat was "supersaturated"

---

[4] Specifically, Madisyn Miller replied "no" to the following two questions: (1) "Have you ever had any nightmares about your red legs?"; and (2) "Have you ever been worried that your red legs would come back?" (Doc. No. 90 at 2).

with thiodipropionate. (Compare Doc. No. 92 at 1-2 with Doc. No. 68 at 23-25). This Court already considered and denied Evenflo's challenge to the factual support of Dr. Osswald's opinions, (see Doc. No. 188 at 5-6), and the same result is compelled here. Accordingly, the Court will **DENY** this motion *in limine* (Doc. No. 91).

### 6. Doc. No. 93

Next Evenflo asserts that the Court should preclude Plaintiffs from offering any evidence or argument regarding Evenflo's alleged delay in providing Plaintiffs with Material Safety Data Sheets ("MSDSs"), documents which contain data regarding the properties of particular substances employed in manufacturing. In particular, Evenflo asserts that: (1) Plaintiffs inaccurately claimed that it took three months to produce the MSDSs (when Plaintiffs' own Concise State of Material Facts indicates that Plaintiffs' requested them on March 31, 2007 and received them on May 1, 2007); (2) the length of Evenflo's response time is not relevant; and (3) the prejudice resulting from a reference to such delay substantially outweighs any probative value. (See Doc. No. 94 at 2-3). Plaintiffs contend that the delay is relevant because it: (1) indicates Evenflo was unaware of the chemical composition of the Car Seat; (2) caused Plaintiff Parents emotional suffering and harm because the delay was frustrating; (3) prevented Madisyn Miller's physician from immediately initiating the correct treatment regimen; and (4) refutes Evenflo's affirmative defense that Plaintiffs failed to mitigate damages. (See Doc. 130 at 2-4).[5]

The Court concludes that Evenflo's delay in producing the MSDSs is relevant in this case and not unduly prejudicial. Evenflo's knowledge of the chemicals contained in the Car Seat is central to Plaintiffs' theories of recovery, and Plaintiffs' inability to timely identify the chemical components of the Car Seat and begin treatment resulted from the delay. Plaintiffs, however,

---

[5] Although they provided no further explanation, Plaintiffs also claim that evidence regarding Evenflo's delay is not unfairly prejudicial to Evenflo. (See Doc. No. 130 at 1).

must not overstate Evenflo's response time; while Plaintiffs requested the documents in March and received them in May, it is inaccurate and misleading to claim that three months had passed in the interim. Therefore, the Court will **DENY** this motion *in limine* (Doc. No. 93) but remind Plaintiffs not to overstate Evenflo's delay.

### 7. Doc. No. 95

In this motion, Evenflo once again attacks the sufficiency of the MSDSs as a factual basis for opinions rendered by Plaintiffs' expert on polymers, couching the arguments it previously advanced in its motion to exclude expert testimony in terms of relevance and prejudice to fit the motion *in limine* mold. (Compare Doc. No. 96 at 2-3 with Doc. No. 68 at 26). This Court previously denied this challenge to the factual support of Dr. Osswald's opinions, (see Doc. No. 188 at 5-6), and will do so again now. Accordingly, the Court will **DENY** this motion *in limine* (Doc. No. 95).

### 8. Doc. No. 97

Evenflo requests that the Court prohibit three of Plaintiffs' witnesses (Dr. Maceyko, Dr. Yaros, and Jeff Gearhart) from offering expert opinions because Plaintiffs failed to comply with Federal Rule of Civil Procedure 26(a)(2). Specifically, Evenflo contends that Plaintiffs failed to: (1) identify Jeff Gearhart as an expert witness pursuant to FRCP 26(a)(2)(A); and (2) provide expert witness reports or summaries of the facts and opinions to which the witnesses will testify under FRCP 26(a)(2)(B) and (C). (See Doc. No. 98 at 2-3). Plaintiffs' counter that: (1) they fulfilled their obligations under the version of FRCP 26 which was in effect when expert disclosures were made in August 2010; and (2) Evenflo had notice of the witnesses' proposed testimony because the witnesses have been deposed. (See Doc. No. 136).

Pursuant to the amendment effective December 1, 2010, FRCP 26(a)(2)(C) requires

9

parties to produce "a summary of the facts and opinions to which the [expert] witness is expected to testify" if the party does not submit a written expert report for the witness. See *Creative Compounds, LLC v. Adorno & Yoss, LLP*, No. 1:09-CV-00129-SNLJ, 2011 U.S. Dist. LEXIS 89400, *5-6 (E.D. Mo. Aug. 11, 2011). That amendment applies to cases pending prior to December 1, 2010 "when just and practicable." *Id.* at *6. Furthermore, when a party fails to satisfy the requirements of FRCP 26(a)(2) with regards to a particular witness, that witness may not offer expert testimony. See *Frederick v. Hanna*, Civ. A. No. 05-514, 2007 U.S. Dist. LEXIS 18626, *19-20 (W.D. Pa. Mar. 16, 2007). The witness, however, may still testify as to facts within his knowledge, as opposed to offering expert opinion testimony. See *id.*

Instantly, Plaintiffs did not submit expert reports for any of the three above-mentioned witnesses, nor did they provide a summary of the facts and opinions to which the witnesses are expected to testify. The Court also concludes that it is just and practicable that the amendment to FRCP 26(a)(2)(C) be applied to this case; to decide otherwise would permit Plaintiffs to effectively spring three new expert opinions upon Evenflo on the eve of trial. Because Plaintiffs failed to comply with FRCP 26(a)(2), the Court will not permit Dr. Maceyko, Dr. Yaros, and Jeff Gearhart to offer expert testimony. These witnesses, however, may still testify as to facts within their own knowledge. See *Frederick*, 2007 U.S. Dist. LEXIS 18626 at *19-20. Accordingly, the Court will **GRANT** the instant motion *in limine* (Doc. No. 97).

### B. Plaintiffs' Motions

#### 9. Doc. No. 100

In their motion, Plaintiffs seek to preclude Evenflo from presenting evidence at trial regarding Madisyn Miller's own medical history and the allergies and skin conditions suffered by her father, mother, and brother. (See Doc. No. 100). Plaintiffs contend that such evidence is irrelevant and unduly prejudicial/confusing because: (1) Plaintiffs' expert opined that the

10

information was not relevant; and (2) Evenflo failed to produce its own medical expert to link the conditions suffered by Madisyn Miller's family members or her own prior medical history to her present injuries. (See *id.*). Evenflo argues that: (1) even Plaintiffs' own experts concede that the medical histories of Madisyn Miller's family members are necessary to determine the cause of her rash; and (2) Madisyn Miller's own medical history supports Evenflo's theory that she suffered an allergic reaction, and weighs on any calculation on damages. (See Doc. No. 125 at 3-7).

The Court finds that Madisyn Miller's own medical history and the allergies and skin conditions suffered by her immediate family members are relevant in the instant case. This evidence has a clear tendency to make it more probable that Madisyn Miller's injuries were caused by some other source than the Car Seat, and this high probative value is not outweighed by either prejudice or confusion under Rule 403. Accordingly, the Court will **DENY** Plaintiffs' motion *in limine* (Doc. No. 100).

### 10.    Doc. No. 102

Plaintiffs contend in this motion that Evenflo's expert, Dr. Reitman, should not be permitted to render an expert opinion regarding the materials and processes used in manufacturing the Car Seat because she lacks sufficient factual basis for such an opinion. (See Doc. No. 102 at 5-7). Plaintiffs previously raised this argument in its motion to exclude expert testimony, and the Court denied it. (See Doc. No. 140 at 6, n. 5). The Court will **DENY** the instant motion *in limine* (Doc. No. 102) as well.

### 11.    Doc. No. 104

In this motion, Plaintiffs contend that Evenflo should be prohibited from introducing any evidence to challenge the findings of Plaintiffs' expert, Dr. Osswald, regarding the materials and

chemicals found in and on the Car Seat because Evenflo failed to establish the actual materials and chemicals which were in fact present. (See Doc. No. 104 at 5). But Plaintiffs' argument is a nonstarter; Plaintiffs—not Evenflo—bear the burden in this case. See *Soldo v. Sandoz Pharms. Corp.*, 244 F. Supp. 2d 434, 534 (W.D. Pa. 2003) ("It is not a defendant's burden to disprove causation . . . nor is it a defendant's burden to prove that a plaintiff's expert testimony is unreliable."). Thus, the Court will **DENY** this motion *in limine* (Doc. No. 104).

### 12.     Doc. No. 106

Plaintiffs next argue that Evenflo should be prohibited from "suggesting, implying or introducing any evidence challenging Plaintiffs' claim that the Car Seat caused Madisyn's injuries" because Evenflo "has not come forward with any competent evidence, supported by expert testimony, contesting Plaintiffs' claims that the Car Seat caused Madisyn's injuries[.]" (See Doc. No. 106). The Court previously denied this argument—which illustrates a fundamental misunderstanding by Plaintiffs of the burden of proof in this case—and explained that Evenflo may present evidence to rebut Plaintiffs' causation expert. (See Doc. No. 140 at 6). Accordingly, the Court will **DENY** this motion (Doc. No. 106).

### 13.     Doc. No. 108

In this motion, Plaintiffs seek to prohibit Evenflo's expert, Dr. Reitman, from: (1) "testifying as to causation"; and (2) challenging Plaintiffs' claims that the Car Seat caused Madisyn Miller's injuries because Dr. Reitman admits that "she is not qualified to render an opinion as to medical causation." (See Doc. No. 108 at 4-5). As discussed above, Evenflo is entitled to challenge Plaintiffs' claim that the Car Seat caused Madisyn Miller's injuries. Additionally, Dr. Reitman has clearly indicated that her testimony will not address the issue of medical causation. (See Doc. No. 122 at 9). Therefore, the Court will **DENY** this motion (Doc.

No. 108).

### 14. Doc. No. 110

Plaintiffs also seek to prohibit Dr. Reitman from testifying at trial by contending that her opinions do not fit the facts of the case under Federal Rule of Evidence 702. (See Doc. No. 110 at 3). Plaintiffs previously raised this issue, and the Court expressly concluded that "Dr. Reitman's proposed testimony fits the facts of the case[.]" (Doc. No. 140). Thus, the Court will **DENY** the instant motion (Doc. No. 110), which advances the same argument.

### 15. Doc. No. 112

Plaintiffs next seek to prohibit Dr. Reitman from "testifying as to the competency of Dr. Osswald [Plaintiffs' expert on polymers] or his ability to testify as to [medical] causation." (Doc. No. 112 at 3). This Court previously concluded that Dr. Osswald "possesses the broad range of knowledge, skills, and training necessary to qualify as an expert under Rule 702 and render an opinion as to whether the chemicals in the Car Seat did, in fact, cause the skin injuries in the case *sub judice*." (Doc. No. 118 at 4). Furthermore, Evenflo has also indicated that as a result of the Court's prior ruling in this matter, Dr. Reitman will not testify regarding Dr. Osswald's qualifications to render medical causation opinions. Accordingly, the Court will **DENY** as moot the instant motion *in limine* (Doc. No. 112).

### 16. Doc. No. 114

Lastly, Plaintiffs argue that Evenflo should be precluded from referencing at trial any communications between Plaintiffs' counsel and Plaintiffs' experts which were produced during discovery. (See Doc. No. 114 at 1).[6] Plaintiffs contend that at the time the documents were produced they were discoverable, but "[i]t is now the law of Pennsylvania and this Honorable

---

[6] Plaintiffs also contend that Evenflo should be precluded from using such communications as support for its motion for reconsideration. This argument is moot because the Court already denied Evenflo's motion for reconsideration. (See Doc. No. 139).

Court that such communications are protected by the attorney work product privilege." (See *id.* at 2). Plaintiffs cite to no authority to support their proposition that Evenflo should now be barred from using information which was discoverable at the time of production, nor have they provided the Court with the information necessary to determine whether FRCP 26(b)(4)(C) applies, which governs trial-preparation protection for communications between a party's attorney and expert witnesses. See FED. R. CIV. P. 26(b)(4)(C)(i-iii) (permitting disclosure of communications which: (1) relate to compensation for the expert's study or testimony; or (2) identify facts, data, or assumptions that the party's attorney provided and that the expert considered or relied on in forming his or her opinions). Accordingly, the Court will **DENY** Plaintiffs' motion (Doc. No. 114).

## VI.    CONCLUSION

For the above-stated reasons, the Court will **GRANT** Doc. Nos. 85, 87, and 97, **GRANT in part** and **DENY in part** Doc. No. 89, and **DENY** Doc. Nos. 83, 91, 93, 95, 100, 102, 104, 106, 108, 110, 112, and 114. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MADISYN S. MILLER, *a minor, by and*    )
*through her parents and natural guardians,*    )
*ANGELA L. MILLER and DAVID MILLER,*    )
*and* ANGELA L. MILLER *and* DAVID    )
MILLER, *in their own right,*    )
    )
    Plaintiffs,    )
    )   CIVIL ACTION NO. 3:09-108
    v.    )   JUDGE KIM R. GIBSON
    )
EVENFLO COMPANY, INC.,    )
    )
    Defendant.    )

## ORDER

**AND NOW**, this 12th day of January 2012, upon consideration of sixteen motions *in limine*, and in accordance with the Memorandum, **IT IS HEREBY ORDERED** that Doc. Nos. 85, 87, and 97 are **GRANTED**, Doc. No. 89 is **GRANTED in part** and **DENIED in part**, and Doc. Nos. 83, 91, 93, 95, 100, 102, 104, 106, 108, 110, 112, and 114 are **DENIED**.

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE